THORNAL, Justice.
We originally denied claimant Reed’s petition for a writ of certiorari. Rehearing has been granted without additional argument. Upon further consideration of the record and briefs we have concluded that the petition for certiorari should have been granted and the subject order of the Florida Industrial Commission quashed.
Petitioner Doris Reed suffered an industrial injury while employed as a maid by respondent Sherry Frontenac Hotel. She injured her right hand in a mangle. This necessitated the amputation of the hand. At the final hearing there was testimony that the prosthetic device was unsatisfactory ; that her right arm had atrophied; that there was a substantial difference in temperature between her right arm and her left and, finally, that in addition to the hand injury she suffered a hand-shoulder syndrome producing substantial pain not only in her right arm but in her right shoulder as well.
Claimant suffered the injury on July 7, 1956. The deputy commissioner found that she reached maximum medical improvement August 13, 1957. She was paid temporary total disability benefits followed by permanent partial disability benefits. By *226 agreement between claimant and the employer she was again paid temporary total benefits between January 19, 1959 and November 4, 1959. During this period, in accord with the agreement, an effort was made to rehabilitate the claimant by sending her to school to take instruction in the operation of a power sewing machine. She discontinued attending class after several months because, as she testified, “she didn’t understand how to do the work.”
At the final hearing the deputy concluded that the injury, although scheduled under the Workmen’s Compensation Act, had produced permanent total disability of this particular claimant. He took into consideration additional elements such as her age, education, training, industrial experience, mental capacity and the availability of jobs which she could do in her physical and mental condition. With a very complete and lucid order the deputy made express findings with1 reference to the credibility of the various witnesses whose testimony produced conflicts. The order of the deputy awarding permanent total benefits was reversed by the Full Commission. The order of reversal was based on the conclusion that the claimant had arbitrarily discontinued efforts to rehabilitate herself. The majority of the Full Commission concluded that there was nothing in the record to show that she was unable to rehabilitate herself. The deputy had expressly found that she had made an honest effort to do so but could not complete the power sewing machine course because of factors beyond her control.
Our detailed examination of the record on rehearing leads us to conclude that the findings of the deputy commissioner were adequately supported by competent substantial evidence.
The record reveals the claimant to be a thirty year old Negro woman who left school in the sixth grade at the age of sixteen. She has an intelligence quotient which classifies her as having a mental capacity of a high-grade moron. Since the age of sixteen her industrial experience has been limited entirely to work as a maid or laundress. She has the achievement level of a ten to twelve year old child.
A vocational rehabilitation counselor was of the view that there would be no chance to find a job for her unless she could learn to operate a power sewing machine and then someone might employ her. In the absence of such training about all that she could do would be to work at an assembly line job in which she might be able to perform some work such as putting a nut on a bolt all day in the assembly line. It was doubtful, however, that she could even find any such employment. It was the opinion of the counselor that the woman made an honest effort to learn to operate the power sewing machine.
The claimant testified that she just couldn’t learn to do it. She didn’t understand the instructions. It was impossible, she said, to cut cloth to patterns and in the ultimate she simply “didn’t understand' how to do the work.” The deputy commissioner stated that he had seen the claimant at two hearings. He had viewed her appearance which he says was physically quite unattractive. He believed that she was telling the truth regarding the reasons she gave for discontinuing the rehabilitation effort. In addition, there was the testimony of a psychiatrist to the effect that the woman needs psychiatric as well as work rehabilitation.
It appears to us that the deputy heard evidence of all of the elements required by Ball v. Mann, Fla., 75 So.2d 758, as a basis for finding permanent total disability and the total destruction of her capacity to earn. In addition, the record supports the conclusion that the kind of work the claimant could now do is so limited in quality, dependability or quantity that a reasonably stable market for such work does not exist. Port Everglades Terminal Company v. Canty, Fla., 120 So. 2d 596.
*227 It is true that in isolation the loss of a hand constitutes a scheduled injury within the definition of permanent partial disability under Section 440.15(3), Florida Statutes, F.S.A. However, we have held that the scheduled allowances of compensation are limited to situations where partial disability results. Where the scheduled injury, plus other elements, such as were found to exist here, result in total disability, then a finding of total disability is appro-' priate under Section 440.15(1) (b), Florida Statutes, F.S.A. Henderson v. Sol Walker and Co., Fla., 138 So.2d 323; Noah v. Board of Public Instruction of Orange County, 1 F.C.R. 372, cert. den., Marsh v. Seacord & Sankin, Fla., 93 So.2d 902.
The order of the Full Commission reversing the deputy is grounded almost entirely on its finding, contrary to that of the deputy, regarding the justification for discontinuing the rehabilitation procedures. In our original consideration of the record we must confess that we overlooked testimony presented to the deputy regarding the claimant’s sincerity and her own testimony regarding a lack of understanding of the work, as well as the impact of the deputy’s personal opportunity to view the claimant and evaluate her credibility.
Some contention is made in the brief of the claimant that the problem of rehabilitation should not enter into an initial determination of the extent of disability. It is contended that the rehabilitation process should follow a finding of disability. We are not required to reach this point because here the rehabilitation program was a result of an agreement between the parties preliminary to an ultimate determination of the extent of claimant’s disability.
Finding as we do that the order of the deputy was supported by competent substantial evidence we must conclude that in reversing the order, the Full Commission deviated from the essential requirements of the law. United States Casualty Co. v. Maryland Casualty Co., Fla., 55 So.2d 741. The order of the Full Commission is quashed and the cause is remanded to that Commission for the entry of an order consistent -with this opinion, but without prejudice to a consideration of the objections to attorneys fees awarded by the deputy but not passed upon by the Full Commission.
It is so ordered.
TERRELL, Acting Chief Justice, and THOMAS, DREW, O’CONNELL, CALDWELL and HOBSON (Ret.), JJ., concur.