CHARLES CARROLL, Chief Judge.
This appeal is by the City of Miami Beach, the defendant below, from a judgment which held invalid an amendment of a *451 subsection of the city’s ordinance enacted under its charter power to impose a license tax on occupations, professions and businesses.
The occupational license tax involved here related to the business of distributors of automatic coin operated laundry washing machines. The suit was filed by a number of persons alleging themselves to be distributors of coin operated washing machines who had paid the flat occupational license tax of $110 then in effect as to such distributors. The objection they voiced was that the city was seeking additionally to collect an occupational tax of $4.40 on each machine (as provided for in the subsection dealing with distributors) and also $8 or $12 for each machine (depending on the nature of the machine) imposed by another subsection.
It was disclosed that under the applicable section of the city code as it stood in 1950 for the scheduling of fees for occupational license taxes, subsection 17 imposed an annual occupational license tax of $100 on persons engaged in the business of distributor of such machines, where “not in connection with a licensed laundry.” Originally that subsection did not contain, in addition to the license fee of $100, a requirement that the distributor pay any amount on individual machines involved. A separate subsection, No. 54, imposed a $4 license tax for each coin operated machine or service vending machine “not otherwise provided for herein,” with certain stated exceptions. Subsection 112 imposed on laundries and dry cleaning businesses and their agencies an annual license tax of $40.25 for such a business and $20.15 for each agency location, and $40.25 for each delivery vehicle used therein.
On September 17, 1964, the above provisions of the code were amended by the city council. In subsection 17 relating to distributors of such machines the annual business license tax was raised from $100 to $110, and additionally there was imposed on such distributors a license tax of $4.40 for each machine involved. Subsection 54, the catch-all provision relating to vending machines generally, which previously had specified a license tax of $4 per machine, as amended presented a revised scale of $4.40 for each one-cent machine, $8 for each coin machine requiring a deposit of two through fifteen cents, and $12 for each coin machine which required sixteen cents or over. Under subsection 54 those taxes were on machines as to which a license tax was “not otherwise provided for herein.” As to subsection 112, relating to laundry and dry cleaning businesses and their agencies, the annual occupational license tax on laundry businesses was raised from $40.25 to $100; the tax on dry cleaning businesses was raised from $40.25 to $44.30; the tax on the separate agency locations thereof was raised from $20.15 to $22.15; and for delivery vehicles used, from $40.25 to $44.-30.
The objection voiced by the plaintiffs in their complaint was that as a result of the 1964 amendment the city was seeking to collect from them (in addition to the $110 license fee which they alleged they had paid as distributors) $4.40 for each machine (as provided for in the amendment to subsection 17 with respect to distributors) and also, under subsection 54, the sum of $8 for each of their ten cent machines and $12 for each of their twenty-five cent machines. Plaintiffs pointed out that previously, under the original ordinance, they had been required to pay only an annual license of $100 as distributors, and contended that the requirement that they pay, in addition, a license tax on each machine was arbitrary and unreasonable. The plaintiffs contended further that the license fees were excessive and that there was no real basis for classifying them differently from those engaged in laundry and dry cleaning business, or from an owner or user of a single machine.
On final hearing the trial court sustained those contentions of the plaintiffs, held that subsections 17 and 54 as amended in 1964 were invalid, and enjoined the city from *452 collecting license taxes thereunder. That ruling operated to leave in effect the provisions of subsections 17 and 54 as they stood in 1950, under which the distributors of such machines paid an annual license tax of $100 and appeared to have been subject to the $4 license tax on each machine provided for in subsection 54, but which, according to the record, had not been charged to the distributors by the city, having been charged against individuals having and using such a machine on their premises. That final decree was entered on September 20, 1966.
On October 5, 1966, the city council enacted ordinance No. 1609, again amending subsection 17. By the new amendment there was imposed on distributors “where machines are not used in connection with licensed laundry” an annual occupational license tax of $100 (representing a $10 reduction) plus a license tax on each machine of $2.20, where the earlier amendment had provided for $4.40. Included in the new amendment to subsection 17 was a provision for an annual license tax of $2.20 on coin operated laundry washing machines “not otherwise licensed, upon persons maintaining the same, or the proprietor thereof.” This amendment also contained a new provision imposing an annual license tax of $6 on coin operated clothes driers. However, this tax on driers contained the language: “not otherwise licensed,” and “where machines are not used in connection with licensed laundry.”
Summarizing the foregoing, the situation disclosed is that the annual occupational license tax in the amount of $100 remains the same but the last amendment serves to impose on distributors an additional tax of $2.20 for each such machine. Under that ordinance as amended the distributor pays an annual license tax of $2.20 for each machine distributed for use by customers. The distributee or person using the distributor’s machine would not be required to pay the additional tax of $2.20 since that particular machine would have been “otherwise licensed”, nor would the distributor, having paid the amount of $2.20 for each of its distributed machines, be required to pay more than one $2.20 tax on a distributed machine.
The fact of passage of the October 5, 1966 amendment to subsection 17 was called to the attention of the trial court in this cause by the plaintiffs in a petition for rule to show cause, on the basis of which the court entered an order directing the city to show cause why it should not be adj udged in contempt of court for having enacted this further amendment to the ordinance.
At the outset it should be noted that the final decree of September 20, 1966, contained no order enjoining the city from amending its code or passing another ordinance relating to occupational taxes of distributors of coin operated laundry machines, but only had restrained the city from enforcing collection of license taxes under the 1964 amendment to the ordinance which the court there struck down. See State ex rel. Gary v. Davis, 83 Fla. 422, 91 So. 267, 269.
On hearing on the rule to show cause the court entered the order which is now before us on appeal, in which, in effect it was held there had been no willful violation of an order of the court, as the rule to show cause was discharged. Notwithstanding that ruling, and with no pleading, other than the petition for a contempt rule to show cause, having been filed to challenge the validity of the new amendment to subsection 17, and with only a motion to dismiss filed by the defendant city, the trial court held that ordinance No. 1609 amending subsection 17 was “illegal, invalid and of no force and effect,” and enjoined the city from collecting license fees thereunder.
The order concluded with a paragraph stating “the defendant (City of Miami Beach) is enjoined to obey the final decree heretofore entered in this cause in enacting any other ordinance amending section 20.17 (17) of the code of the City of Miami Beach.”
At the outset we hold that the provision of the decree quoted just above *453 represented an unwarranted encroachment by the court on the granted legislative power of the City of Miami Beach, and that provision of the.order is reversed. In the absence of a sufficient showing to the contrary it is presumed that elected officials will perform their duties in a proper and lawful manner. 14 Am.Jur., Courts § 202; 32 A.L.R. 1517. Cf. Clein v. City of Atlanta, 164 Ga. 529, 139 S.E. 46, 53 A.L.R. 933, and Annot. 53 A.L.R. 942. The courts have power to invalidate legislative enactments, but with certain exceptions not necessary to enumerate here, may not control or direct legislation, under our doctrine of separation of powers between the executive, legislative and judicial branches of the government. 8 Fla.Jur., Courts § 45; 14 Am.Jur., Courts § 202.
 As indicated above the question of validity of the amendment to subsection 17 as represented by ordinance No. 1609 was not properly before the trial court in the absence of a complaint or an amended complaint challenging its validity and an issue raised by answer of the defendant city. In this instance the defendant was answering or responding only to a citation for contempt. However, it appears that the question of validity of this last amendment was litigated at the hearing, that the order which is appealed from passed on the question, and that it was dealt with by the parties here in the briefs and argument. Therefore we proceed to a consideration of the merits of the arguments of the respective parties with reference thereto.
Since the flat occupational license tax on distributors of coin operated laundry machines remains at the $100 figure which has been in effect since 1950 under the original ordinance which was not challenged in that respect, the question presented is whether the city, in exercise of its power to impose occupational license taxes, could validly impose on such distributors the additional annual license tax of $2.20 for each machine involved. On consideration of the applicable law we answer that question in the affirmative, and hold that the trial judge was in error in concluding that subsection 17 of the ordinance in question was invalid.
That to so tax within reasonable limit as to amounts is a proper exercise of the power to impose occupational license or use taxes is sufficiently demonstrated by the fact that the legislature has seen fit to proceed in that manner in prescribing such occupational or use taxes on the same or similar businesses. Section 205.551(2) Fla. Stat., F.S.A.
In Bentley-Gray Dry Goods Co. v. City of Tampa, 137 Fla. 641, 188 So. 758, 763-764, the Supreme Court, quoting with approval from the case of Heriot v. City of Pensacola, 108 Fla. 480, 146 So. 654, 657, said:
“ ‘The taxing authority has wide discretion in imposing license taxes, and, unless there can be no substantial basis for discrimination and classification and in fixing the amount of license so that the discrimination must be regarded as purely arbitrary and unreasonable under every conceivable condition in practical affairs, the courts will not interfere.’ ”
We reject as unsound the argument of the appellees that there is no reasonable basis for classifying such vending machine distributors differently from laundry and dry cleaning establishments or from an individual owner and user of such a machine, in the fixing of such imposts. Indeed distributors and laundry businesses were not classified differently as to the flat occupational license tax, which in the ordinance as presently amended is the same for each. Also, each additionally is taxed for units of the business. In the case of the distributors, it is for each machine which they put out, and for the laundry businesses it is for their separate agencies and delivery vehicles.
 Nor do we find basis for the argument of the appellees that the amount of the taxes imposed in the case of the distributors is unreasonable. As said in Pellicer v. *454 Sweat, 131 Fla. 60, 179 So. 423, 426: “The classification being á legal one, the amount of the license tax is for statutory determination under the taxing and police power of the state.”
Patently the argument as to unreasonableness has no application to the long-standing $100 flat occupational tax. Under the prior amendment the tax considered excessive was $4.40 for each machine put out by a distributor coupled with the claim by the city for payment of either $8 or $10 for each machine. However in the present amendment of subsection 17, the charge for each machine is $2.20.
For the reasons stated, the judgment or order appealed from is reversed.
Reversed.