330 So.2d 840 (1976)
CITY OF SAFETY HARBOR, a Municipal Corporation, Appellant,
v.
CITY OF CLEARWATER, a Municipal Corporation, Appellee.
No. 73-113.
District Court of Appeal of Florida, Second District.
April 30, 1976.
*841 William P. O'Malley, Clearwater, for appellant.
Thomas A. Bustin, City Atty., and N.S. Gould, Asst. City Atty., Clearwater, for appellee.
SCHEB, Judge.
Appellant, City of Safety Harbor, sought a declaratory judgment that appellee City of Clearwater, by annexing certain unincorporated lands in Pinellas County, violated a "Service Area Agreement." The trial court granted Clearwater's motion to dismiss with leave to amend. However, Safety Harbor declined to amend; final judgment was entered, and Safety Harbor filed this appeal. We affirm.
There is no dispute as to the essential facts. On February 2, 1970, three municipalities in Pinellas County; Clearwater, Dunedin, and Safety Harbor, entered into a Service Area Agreement delineating three separate areas of unincorporated lands. Each of the three cities agreed respectively to direct its long range attention to rendering municipal services in only one of these designated areas. Further, each city agreed "to avoid and discourage future plans or requests for annexation of any lands contained in the areas designated ... for service by the other municipalities."
During 1972 the City Commission of Clearwater took the position it was not bound by the Service Area Agreement and adopted a series of ordinances annexing certain lands which the agreement had designated as being within Safety Harbor's Service Area. This action by Safety Harbor ensued. The trial judge, upon dismissal of Safety Harbor's complaint, opined that the Service Area Agreement did not invest Safety Harbor with any standing to challenge Clearwater's exercise of its municipal powers of annexation.
Stripped of various procedural questions and the issue raised as to the vagueness of the Service Area Agreement, the controversy here devolves into a fundamental principle of municipal law. Succinctly stated, that issue is: Can the City of Clearwater contract away the power and authority the Legislature granted its governing body to provide by ordinance for annexation of unincorporated lands?
Article VIII, § 2(c), of the Florida Constitution of 1968, provides that annexation of unincorporated lands by a municipality must be exercised as provided by general or special law. The Legislature granted this power of annexation to Clearwater; § 6(d) of the Charter of the City of Clearwater (Ch. 9710, Laws of Florida, Special Acts of 1923, as amended by Ch. 65-1386, Laws of Florida, Special Acts of 1965.) As in the case of other governmental authorities vested in a municipality, this power cannot be contracted away. See City of Clearwater v. Bonsey, Fla.App.2d 1965, 180 So.2d 200; Pinellas County v. City of Pinellas Park, Fla.App.2d 1976, 330 So.2d 106, opinion filed April 7, 1976.
Here the Service Area Agreement merely evinces a consensus of the governing bodies of Dunedin, Clearwater and Safety Harbor, in office on February 2, 1970, with respect to their plans to furnish municipal *842 services in certain unincorporated areas.
Agreements of this type, of course, reflect a desirable approach for inter-governmental cooperation among the municipalities concerned with the proliferation of growth in their environs. And, clearly, planning of this nature assists in accommodation of the anticipated growth of these urban areas. But to the extent that such agreements operate either to limit or restrict the elected representatives of the governing bodies and their duly elected successors in the exercise of their governmental powers, they are inoperative.[1] Simply stated, the power to annex is governmental and such a power cannot be contracted away. The city must not be rendered impotent to exercise governmental functions and, where necessary, to modify or change its policies.
On November 8, 1973, this court, in response to motions of both parties, relinquished jurisdiction to the trial court to determine whether this appeal was rendered moot by enactment of House Bill 2125, effective June 30, 1973 (Ch. 73-434, Laws of Florida, Special Acts of 1973). House Bill 2125 did amend § 6 of the Charter of the City of Clearwater to incorporate into that city's boundaries those lands which Safety Harbor contended were annexed in violation of the Service Area Agreement. This, of course, was the prerogative of the Legislature. See City of Long Beach Resort v. Collins, Fla. 1972, 261 So.2d 498. Upon remand Safety Harbor injected a new issue, contending the new act is void, because it was adopted by the Legislature in violation of Fla. Stat. § 286.011 (Government in the Sunshine Law). The trial court rejected such contention and entered a summary judgment against Safety Harbor which now raises this additional point on appeal. In view of our opinion that the Service Area Agreement is unenforceable to the extent it impairs the exercise of Clearwater's governmental power of annexation, it is unnecessary to reach the question of the validity of House Bill 2125.
Accordingly, the judgments of the trial court are affirmed.
McNULTY, C.J., and GRIMES, J., concur.
NOTES
[1] The parties recognize the Service Area Agreement was not entered into pursuant to Fla. Stat. Ch. 163; hence, the effect of these statutes relating to intergovernmental programs is not at issue here.