BARKDULL, Judge.
Plaintiff in the trial court, City of North Miami Beach, and intervenors, City of Sweetwater and Town of North Bay Village, appeal from an amended final judgment entered in favor of Metropolitan Dade County, which held that an ordinance creating a special taxing district countywide for fire and rescue services was valid, and thereby denied certain injunctive relief sought. The amended judgment read, in part, as follows:

“This cause came on to be heard at final hearing on plaintiffs’ complaint for in-junctive relief and a declaration of the rights of the plaintiff City of North Miami Beach. Argument having been heard and documentary evidence having been considered, this Court hereby makes the following finding of fact and conclusions of law:
1. Section 1(e) of the Dade County Home Rule Amendment provides the underlying constitutional power for the creation of special taxing districts within Dade County. The Dade County Charter Section 1.01(A)(11) implements this constitutional power and provides that the Board of County Commissioners, as the legislative and governing body of Dade County, shall have the power to establish special purpose districts which may provide essential facilities and services, including fire protection services.
2. Pursuant to this constitutional and charter authority, the Dade County Commission, after second reading on September 2, 1980, adopted Ordinance No. 80-86 creating Article II of Chapter 18 of the Dade County Code. This ordinance became effective after overwhelming approval by the registered voters of Dade County, including the voters of plaintiff City of North Miami Beach, voting at the special referendum election held on September 9, 1980.
3. Ordinance No. 80-86 creates a countywide Metro-Dade Fire and Rescue Service District as a means to ensure that all residents within the County fairly contribute toward the cost of fire and rescue service they receive. The District will provide a fair, equitable and uniform mechanism for the delivery and funding of fire and rescue service throughout Dade County.
4. Prior to the enactment of Ordinance No. 80-86, the County was providing fire and rescue service for the unincorporated area of Dade County and 20 municipalities within the County which had determined that it would be more economical, effective and beneficial to utilize the County’s fire and rescue service. Five municipalities were providing their own fire protection and rescue service.
5. Ordinance No. 80-86 was enacted after and in response to an extensive analysis and review of the provision of fire and rescue service within Dade County by Price, Waterhouse & Co. As a result of its study, Price, Waterhouse & Co., concluded that dual taxation existed with respect to fire protection and rescue service. It specifically found that the five cities providing their own fire and rescue service, representing 40% of the County’s population and containing 37% of the assessed value of property in the County, were paying 10% of the costs of operating the County’s fire protection and rescue service while receiving no benefits therefrom. The 20 municipalities not providing their own fire and rescue service (including plaintiff City of North Miami Beach), representing 12% of the County’s population and containing 13% of the assessed value of property in the County, were paying only 3% of the costs of operating the County’s fire protection and rescue service while receiving 20% of said service. The unincorporated area of Dade County, representing 48% of the County’s population and containing 50% of the assessed value of property in the County, was paying 87% of the costs of operating the County’s fire protection and rescue service, while receiving 80% of *206 said service. This study was commissioned in response to the petition of three municipalities and the Dade County League of Cities, Inc., filed with the Dade County Commission pursuant to § 125.-01(6), Fla.Stats., and identifying fire and rescue service as an area of dual taxation.
6. Pursuant to the provision of Ordinance No. 80-86 any municipality which does not wish to receive service from the District may provide an alternate means of delivering fire and rescue service to its residents and remove itself from the District.
7. Pursuant to the provisions of Ordinance No. 80-86 the Metro-Dade Fire and Rescue Service District is to be governed solely by the provisions of Article II of Chapter 18 of the Dade County Code.
8. Prior to the enactment of Ordinance No. 80-86, plaintiff City of North Miami Beach had transferred its fire department to and was receiving fire protection and rescue service from Dade County pursuant to an agreement with the County wherein the County agreed to provide fire protection and rescue service to the City of North Miami Beach.
9. Section 18 of this agreement states: ‘The County will not establish a special taxing district for fire services provided to the City or any portion thereof.’ This section must be interpreted and applied in accordance with public policy to promote the protection of the public welfare and to ensure compliance with constitutional and statutory requirements. This Court is of the opinion and here finds that this section of the Agreement does not prevent and is not in conflict with Ordinance No. 80-86 which created the countywide Metro-Dade Fire and Rescue Service District. Section 18 only prevents the County from taking over fire and rescue service from the plaintiff City of North Miami Beach and then established a special taxing district solely encompassing the City to provide such service and defray the costs therefor.
10. If this Court were to interpret Section 18 of the Agreement so as to prohibit the defendant County from establishing this countywide district to remedy the constitutionally prohibited situation of dual taxation, such interpretation would be unlawful and void as the County is precluded from contracting away its power to tax.
11. Recognizing the significance and importance of the resolution of the issues raised in this litigation to those municipalities providing their own fire and rescue service as well as to those municipalities which have utilized County service, the Court hereby authorizes and accepts the intervention in this action of all municipalities present and further finds that the interests of the municipalities of Dade County were fully and adequately represented by those municipalities present at the final hearing in this cause.” [1]

We find no error and affirm. Metro-Dade County, pursuant to Article VIII, Section 11, Constitution of the State of Florida (1885), carried forward under the Constitution of 1968, Article VIII, Section 6(e), had the power to adopt a charter which provided for uniform emergency fire and rescue service. This it did in the Metro Home Rule Charter, Article 1, Section 101(a)(ll). The procedure employed to enact the ordinance was appropriate. We find no violation of the contracts with the several municipalities because the contracts were subject to the interpretation given by the trial court that the prohibition contained therein related only to a taxing district, which would have encompassed only the contracting municipality or a portion thereof. The ordinance, as adopted, encompassed the entire County and therefore we find it did not violate the express provisions of the contract. However, if the contract provisions relating to no taxing districts should be construed as prohibiting any and all special taxing districts, including the *207 respective municipalities, then such an agreement or covenant on the part of County officials would be ultra vires and of no force and effect.
It has long been held that a governing unit, be it county or municipality, may not contract away its right to tax for government purposes. In Lykes Brothers, Inc. v. City of Plant City, 354 So.2d 878 (Fla.1978), the Florida Supreme Court stated:
“As to whether a city’s tax exoneration contract is valid, our decisions uniformly hold that municipal contracts promising not to impose taxes, or granting tax exemptions, are ultra vires and void in absence of specific legislative authority. See, e. g., Tampa Shipbuilding & Engineering Co. v. City of Tampa, 102 Fla. 549, 136 So. 458 (1931), and City of Tampa v. Kaunitz, 39 Fla. 683, 23 So. 416 (1898).”
Compare: City of Safety Harbor v. City of Clearwater, 330 So.2d 840 (Fla.2d DCA 1976).
Therefore, for the reasons above stated, the amended final judgment here under review be and the same is hereby affirmed.[2]
Affirmed.

. North Bay Village and City of Sweetwater were permitted to intervene because they had also turned their fire departments over to the County under similar agreements.

. Upon a motion for clarification, the trial judge reserved the right of the municipalities to bring breach of contract actions in words and figures as follows: “.. . this Court rules that it is not the intention of the Amended Final Judgment to preclude the plaintiffs and/or Interve-nors from subsequently asserting any claim they might have for breach of contract, provided such allegations are properly pleaded and proved.”