ORA E. CAROTHERS, EMPLOYEE, PLAINTIFF v. TI-CARO AND/OR PARKDALE MILLS, EMPLOYERS, AND LIBERTY MUTUAL AND/OR AETNA CASUALTY & SURETY CO., CARRIERS, DEFENDANTS

No. 8610IC364

(Filed 18 November 1986)

1. **Master and Servant § 95.1— workers' compensation—appeal from opinion and award timely**

   There was no merit to defendants' contention that plaintiff's appeal should be dismissed because she did not take a timely appeal from a 20 February 1985 opinion and award, since plaintiff filed a motion for clarification of the 20 February 1985 order; that order was replaced by a 26 March 1985 "Order Amending Opinion and Award"; both parties took a timely appeal to the Industrial Commission from this order; the Commission entered its opinion and award on 4 October 1985, reinstating the 20 February 1985 opinion and award; from the 4 October 1985 opinion and award plaintiff gave notice of appeal within 30 days as required by N.C.G.S. § 97-86; and the Commission's "note"

Carothers v. Ti-Caro

in its 4 October 1985 opinion that no timely appeal was taken by any of the parties from the 20 February 1985 opinion did not constitute a finding of fact to which plaintiff must except or be bound by on appeal.

**2. Master and Servant §§ 68, 72— workers' compensation—occupational disease— finding of partial disability improper**

In a workers' compensation proceeding where plaintiff contended that she was disabled because of an occupational lung disease, the Industrial Commission erred by awarding compensation only for partial disability when it found as fact that plaintiff was incapable of earning wages in any employment for which she was qualified.

APPEAL by plaintiff from the North Carolina Industrial Commission opinion filed 4 October 1985. Heard in the Court of Appeals 22 August 1986.

This is a claim under the Workers' Compensation Act instituted 3 November 1982. Plaintiff alleged that she has an occupational lung disease which rendered her disabled. On 15 June 1983, Deputy Commissioner Brenda Becton conducted a hearing. At this hearing the parties stipulated that plaintiff was last employed by defendant Ti-Caro and that defendant Liberty Mutual was Ti-Caro's carrier. On 20 February 1985, an opinion was filed wherein it was found that plaintiff was "incapable of earning wages in any employment for which she is presently qualified." Plaintiff received an award pursuant to G.S. 97-30 for partial disability for a period of 300 weeks. On 13 March 1985 plaintiff filed a motion seeking an order "clarifying" the opinion and award filed 20 February 1985 to resolve what plaintiff perceived as an inconsistency between the factual finding of "incapability to earn wages" and the conclusion of law that plaintiff was entitled to an award for only partial disability. On the same date plaintiff filed a motion for an extension of time within which to appeal the 20 February 1985 order pending consideration of the motion to clarify that order. On 26 March 1985 Deputy Commissioner Becton filed an "Order Amending Opinion and Award." The amended opinion and award contained, *inter alia*, the following pertinent findings: that plaintiff is "totally disabled to be gainfully employed to earn the same wages that she was earning prior to her disability"; that "[p]laintiff's age and Dr. Owen's prognosis for improvement . . . do not support a finding that plaintiff was permanently and totally disabled at the time this matter was heard"; and that "some permanent impairment to her lung that is at-

tributable to her occupational disease . . . has rendered her permanently partially disabled to earn the same wages that she was earning prior to her disability." The amended opinion and award concluded with a "Comment" stating that plaintiff did not need to "show 'a change of condition' in order to successfully pursue a claim for . . . total disability benefits if . . . she remains unable to be gainfully employed as a result of her occupational disease."

Both parties appealed in a timely manner from the amended opinion and award to the Full Commission. In an opinion and award by Commissioner Charles A. Clay, with Chairman Brooks and Commissioner Stephenson concurring, the Full Commission struck the amended opinion and award because it is contrary to the law to allow one receiving benefits for partial disability to pursue benefits for total disability without a need to show a change of condition. The Commission noted that no timely appeal had been taken from the 20 February 1985 order. The Full Commission affirmed and adopted the opinion and award filed 20 February 1985 because it "is supported by the evidence and contains no error of law." Plaintiff appeals.

*Charles R. Hassell, Jr., for plaintiff appellant.*

*Mullen, Holland & Cooper, P.A., by H. Julian Philpott, Jr., for defendant appellees.*

JOHNSON, Judge.

[1] Defendants attempt at the outset to dispense with plaintiff's arguments by maintaining that plaintiff's appeal should be dismissed. Defendants may challenge the propriety of the judgment for the first time in their brief pursuant to the proviso under Rule 10(a), N.C. Rules App. P. Specifically, defendants contend that the appeal should be dismissed for the following reason: no timely appeal was taken by either party from the 20 February 1985 opinion and award as indicated by (1) the absence of a notice of appeal in the record on appeal and (2) the Full Commission's finding of fact in its 4 October 1985 opinion and award, conclusive on appeal, that no timely appeal had been taken. We disagree.

No notice of appeal from the 20 February 1985 order is necessary on these facts. Deputy Commissioner Becton granted plaintiff's motion for clarification of the 20 February 1985 order.

The 20 February 1985 order was replaced by the 26 March 1985 "Order Amending Opinion and Award." Both parties took a timely appeal to the Full Commission from this order. The Commission entered its opinion and award on 4 October 1985. From this opinion and award, plaintiff gave notice of appeal within thirty days as required by G.S. 97-86.

In its opinion and award the Commission stated that the amended opinion and award was contrary to the law, struck that order, reinstated the 20 February 1985 opinion and award, and commented as follows: "The Commission *notes* that no timely appeal to the Full Commission from the 20 February 1985 version of the Opinion and Award was taken by any of the parties." (Emphasis added.) This note does not constitute a finding of fact to which plaintiff must except or be bound by on appeal. For these reasons, we will address plaintiff's appeal on its merits.

[2]   There is no dispute regarding plaintiff's entitlement to compensation for her disability resulting from an occupational lung disease. The only question raised by plaintiff is that the Commission erred as a matter of law by awarding compensation for partial disability when it found as fact that plaintiff was incapable of earning wages in any employment for which she is qualified.

The term "disability" means incapacity, because of an occupational disease, to earn the wages which the employee was receiving in the same or any other employment. G.S. 97-54; G.S. 97-2(9). The question here is what effect the disease has had upon the earning capacity of this particular plaintiff. *Mabe v. North Carolina Granite Corp.*, 15 N.C. App. 253, 255-56, 189 S.E. 2d 804, 806 (1972). Where a plaintiff, due to an occupational disease, is fully incapacitated to earn wages at employment which is the only work he is qualified to do by reason of such factors as age and education, he is totally incapacitated. *See id.* at 256, 189 S.E. 2d at 806-07.

In *Anderson v. A. M. Smyre Mfg. Co.*, 54 N.C. App. 337, 283 S.E. 2d 433 (1981), this Court held that evidence that a fifty-eight year old plaintiff with a compensable chronic lung disease had only a fifth grade education and no training to do any work other than textile work, that his lungs were impaired fifty to seventy percent (50-70%), and that he was totally disabled to perform his

former textile employment was evidence to support a finding of total disability.

The Commission is concerned with conditions as they exist prior to and at the time of the hearing. *Dail v. Kellex Corp.*, 233 N.C. 446, 449, 64 S.E. 2d 438, 440 (1951). The statute does not vest in the Commission the power to retain jurisdiction of a claim merely because some physical impairment suffered by the claimant may, at some time in the future, cause a loss of wages. *Id.*

Here, the Commission adopted and affirmed the 20 February 1985 opinion and award which contained pertinent Finding of Fact 15 as follows:

> 15. Plaintiff has lost 40% of her lung function by objective testing and has Class III impairment by AMA guides to respiratory impairment. In this category she has difficulty during exertion such as climbing stairs or walking rapidly. Because of her chronic obstructive pulmonary disease and airways hyper-reactivity, she is unable to return to her former employment in the cotton textile industry. She should not be exposed to any type of respirable dust or other irritants including strong odors or chemical fumes and cigarette smoke. Plaintiff has a 10th grade education and no training or experience at any employment other than her jobs as a maid and in the textile industry. *Her chronic obstructive pulmonary disease with airways hyper-reactivity and permanent obstruction to air flow, together with her lack of education, training for or experience in alternative employment, render plaintiff incapable of earning wages in any employment for which she is presently qualified.* As of December 18, 1980 plaintiff was and remains permanently partially disabled as a result of chronic obstructive pulmonary disease that is due to causes and conditions peculiar to her employment, i.e. exposure to cotton dust. Dr. Owens is of the opinion, however, that with regular medical treatment and continued absence from irritating environments, plaintiff's present level of pulmonary function should improve.

(Emphasis added.)

The evidence in the record supports the emphasized portion of Finding of Fact 15, which, in turn, necessarily leads to the con-

clusion of law that plaintiff, *at the time of hearing*, was totally disabled within the meaning of G.S. 97-29. The evidence here does not support a conclusion that plaintiff was partially disabled within the meaning of G.S. 97-30. G.S. 97-29 and G.S. 97-30 are mutually exclusive. A claimant cannot simultaneously be both totally and partially incapacitated. *Smith v. American and Efird Mills*, 51 N.C. App. 480, 488, 277 S.E. 2d 83, 88, *cert. denied and appeal dismissed*, 304 N.C. 197, 285 S.E. 2d 101, *petition for reh'g allowed and disc. rev. allowed*, 304 N.C. 589, 289 S.E. 2d 832 (1981), *modified and aff'd*, 305 N.C. 507, 290 S.E. 2d 634 (1982). The portion of Conclusion of Law 3 which concludes that plaintiff is permanently and partially disabled is not supported by the findings and is erroneous as a matter of law.

Moreover, a statement of a claimant's level of disability is properly a conclusion of law rather than a finding of fact. *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 594-95, 290 S.E. 2d 682, 683 (1982). Accordingly, that part of Finding of Fact 15 which states, "As of December 18, 1980 plaintiff was and remains permanently partially disabled . . ." is really a conclusion of law. Because it is not supported by the findings of fact, it is in error as a matter of law.

It appears that both the Deputy Commissioner and the Full Commission were troubled by the statement of Dr. Owen, the panel physician, that plaintiff's condition should improve with regular medical treatment and absence from irritating environments. The Deputy Commissioner included this in the findings in the last sentence of Finding of Fact 15. As stated *supra*, the Commission must concern itself with the claimant's level of disability as it exists prior to and at the time of hearing. If a change occurs in the future rendering plaintiff capable of earning some wages, the statute affords defendants a remedy. G.S. 97-47; *Dail v. Kellex Corp., supra*, at 449, 64 S.E. 2d at 440. Should plaintiff qualify as being partially disabled in the future, it is appropriate for defendants to seek a review due to a change of condition under G.S. 97-47. Nothing in the statute contemplates or authorizes an anticipatory finding by the Commission. *Id.*

For the reasons stated, based upon the Commission's finding and conclusion that plaintiff was totally disabled within the mean-

ing of G.S. 97-29, we remand this cause for entry of an appropriate Opinion and Award.

Remanded.

Judges EAGLES and COZORT concur.