PER CURIAM.
In this appeal of a workers’ compensation order, the employer/carrier (e/c) challenge an award of around-the-clock attendant care to a brain-damaged claimant. The claimant’s cross-appeal asserts that the Judge of Compensation Claims (JCC) set an inadequate rate to compensate claimant’s wife for providing attendant care. Because we find the JCC’s attendant care award is supported by competent substantial evidence, we affirm without further elaboration.
E/c also challenge the award of permanent impairment benefits for claimant’s loss of vision in his right eye.[1] Because the record reveals that claimant had been deemed permanently totally disabled and was receiving permanent total disability benefits, an additional award of permanent impairment benefits was improper. See Escambia County Council on Aging v. Goldsmith, 500 So.2d 626, 632 (Fla. 1st DCA 1986).
Accordingly, the award of attendant care is affirmed, and the award of permanent impairment benefits is reversed.
MINER and ALLEN, JJ., and CAWTHON, VICTOR, (Ret.), Associate Judge, concur.

. Section 440.15(3)(a)l, Florida Statutes (Supp. 1986), provides that permanent impairment benefits are obtainable "[i]n case of permanent impairment due to ... loss of 80 percent or more of vision of either eye, after correction ... resulting from an injury other than an injury entitling the injured worker to permanent total disability benefits_”