711 So.2d 97 (1998)
Martha BRANNON, Appellant,
v.
TAMPA TRIBUNE and Kemper Risk Management Services, Appellees.
No. 97-1628.
District Court of Appeal of Florida, First District.
April 17, 1998.
Rehearing Denied June 5, 1998.
*98 Dennis Smejkal of Parrish & Smejkal, Orlando, and Bill McCabe of Shepherd, McCabe & Cooley, Longwood, for Appellant.
Susan W. Fox of MacFarlane, Ferguson & McMullen, Tampa, for Appellees.
PADOVANO, Judge.
The issue in this appeal is whether the Workers' Compensation Statute, as amended in 1994, authorizes simultaneous recovery of permanent impairment benefits and permanent total disability benefits. We hold that it does not.
Martha Brannon slipped and fell on June 5, 1996, while she was attempting to load two bales of papers at her place of employment with the Tampa Tribune. As a result of the fall, Brannon suffered injuries to her lower back, left hip, and left shoulder. Following spinal surgery, she began a course of treatment for pain management and psychiatric care. These physical and psychiatric conditions resulted in a combined disability rating of 23 percent of the body as a whole. The Tribune and its insurance carrier, Kemper Risk Management Services, accepted Brannon as permanently and totally disabled as of September 9, 1996, the date of maximum medical improvement for all of her medical conditions.
At that point, all that remained in controversy before the judge of compensation claims was Brannon's claim for permanent impairment benefits. Following a hearing on this claim, the judge determined that permanent impairment benefits are an alternative to permanent disability benefits, and that an injured worker cannot receive both forms of compensation at the same time. The judge entered a final order on March 13, 1997, denying Brannon's claim for permanent impairment benefits and she has appealed to this court.
We begin our analysis with an examination of the applicable provisions of the Workers' Compensation Law. Section 440.15(1)(b) Florida Statutes, (Supp.1994) limits the payment of permanent total disability benefits to employees who have suffered catastrophic injuries. These benefits are payable at the rate of 66 2/3 percent of the employee's average weekly wage regardless of the nature of the injury. In contrast, section 440.15(3), Florida Statutes, (Supp.1994), creates an entitlement to impairment benefits for an injured worker who has suffered a permanent impairment. The phrase "permanent impairment" is defined in section 440.02(19), Florida Statutes, (Supp.1994) as:
... any anatomic or functional abnormality or loss determined as a percentage of the body as a whole, existing after the date of maximum medical improvement, which results from the injury.
As explained in section 440.15(3)(a)2, impairment benefits are payable based on a uniform permanent impairment rating schedule.
It is apparent from this statutory scheme that section 440.15(3) creates a separate class of benefits for employees who are permanently impaired but not permanently and totally disabled. The classification of permanent impairment in section 440.15(3) assumes the employee has some earning capacity despite the impairment, while the classification of permanent total disability in section 440.15(1) assumes the injury has caused a total loss of the employee's earning capacity.
The 1994 revision of the workers' compensation statute does not expressly state that permanent impairment benefits and permanent total disability benefits are mutually exclusive, but that is plainly implied. Section 440.15(1)(d), Florida Statutes (Supp.1994) states:
If an employee who is being paid compensation for permanent total disability becomes rehabilitated to the extent that he establishes an earning capacity, he shall be paid, instead of the compensation provided in (a), [permanent total disability] benefits pursuant to subsection (3) [permanent impairment].
The use of the term "instead" signifies that impairment benefits are available only if the injured worker no longer qualifies for permanent total disability benefits. We deduce then from the wording of this statute that impairment benefits are not available during the time the injured worker is receiving benefits for a permanent and total disability.
*99 Brannon argues that she is entitled to recover benefits for a permanent impairment in addition to those she is receiving for her permanent total disability because the recovery of both is no longer directly prohibited by law. The previous version of the law stated that these benefits were mutually exclusive. Section 440.15(3)(a) Florida Statutes(1993), provided:
(a) Impairment Benefits
(1) In case of permanent impairment due to amputation, loss of 80 percent or more of vision of either eye, after correction, or serious facial or head disfigurement resulting from an injury other than an injury entitling the injured worker to permanent total disability benefits pursuant to subsection (1), there shall be paid to the injured worker the following: (a) Two hundred and fifty dollars for each percent of permanent impairment of the body as a whole from 1 percent through 10 percent; and (b) Five hundred dollars for each percent of permanent impairment of the body as a whole for that portion in excess of 10 percent.
(Emphasis supplied). Specifically, Brannon argues that, because the phrase "an injury other than an injury entitling the injured worker to permanent total disability benefits" was omitted in the 1994 revision, the Legislature must have intended to allow recovery for both impairment and disability benefits at the same time.
The fallacy of this argument is that the quoted phrase was not the only part of the law that was deleted. On the contrary, the legislature deleted all of subsection (1)(a) as it existed in the 1993 version of the statute. What was then subsection (1)(b) became subsection (1)(a) in the 1994 law, and other provisions were added to address the method of determining permanent impairment. In our view, the change in the wording of the statute does not reveal a legislative intent to convert permanent impairment benefits into a cumulative remedy. Permanent impairment is still an alternative to permanent total disability.
This conclusion is supported not only by the language of the present statute, but also by the general theory of workers' compensation in Florida. Some states have adopted a "physical impairment theory" which holds that an injured worker should be compensated primarily for the injury. Many other states have embraced an "earning impairment theory" which focuses primarily on the need to provide compensation for the economic loss resulting from the injury.[1] Florida is among the states in this second group. The theory of workers' compensation in Florida is that an injured worker should be compensated for the loss of earnings. American Uniform and Rental Service v. Trainer, 262 So.2d 193 (Fla.1972); Board of County Commissioners v. Alman, 156 So.2d 850 (Fla.1963).[2] Our workers' compensation statute has retained this underlying concept, throughout its revisions in recent years.
The general policy of providing compensation for a loss of earnings applies not only to injured workers who are totally disabled but also to those who can work despite their injuries. See, e.g. Alman. For example, the benefits payable to a worker who has lost a finger are intended to provide compensation for the expected loss of earnings, not the pain or inconvenience caused by the injury. As we said in Brownell v. Hillsborough County, 617 So.2d 803, 806, (Fla. 1st DCA 1993) the "perceived relationship between physical impairment and the loss of earning capacity has historically been the sine qua non of workers' compensation legislation in Florida."
It follows from these general principles that an injured worker who is receiving permanent total disability benefits is not entitled to additional benefits for a permanent impairment. If the objective of the law is to compensate for the loss of earnings, then an *100 injured employee receiving benefits for a permanent total disability is already compensated to the full extent of the law. The benefits the employee might otherwise collect for the impairment are subsumed within the greater benefits for the disability. From an economic standpoint, there can be no greater disability than a permanent and total disability.
Florida cases interpreting prior versions of the Workers' Compensation Law make it clear that benefits for permanent partial disability and permanent total disability are available in the alternative, and not as cumulative remedies. See Henderson v. Sol Walker and Company, 138 So.2d 323 (Fla.1962); Reed v. Sherry Frontenac Hotel, 150 So.2d 225 (Fla.1963). The Florida courts continued to apply this rule after the legislature changed the classification of benefits from permanent partial disability to permanent impairment. See State, Department of Transportation v. Holloway, 573 So.2d 872 (Fla. 1st DCA 1990); Brownell, supra.
Likewise, courts in other states have determined that an injured worker is not entitled to simultaneous awards for permanent partial disability and permanent total disability for the same injury. See Boquist v. Dayton-Hudson Corp., 297 Minn. 14, 209 N.W.2d 783 (1973); State ex rel. Murray v. Industrial Commission of Ohio, 63 Ohio St.3d 473, 588 N.E.2d 855 (1992); Varela v. Arizona Pub. Serv. 109 N.M. 306, 784 P.2d 1049 (Ct. App.1989); Carothers v. Ti-Caro, 83 N.C.App. 301, 350 S.E.2d 95 (1986); Grimshaw v. L. Peter Larson Company, 213 Mont. 291, 691 P.2d 805 (1984); Wagner v. Stuckagain Heights, 926 P.2d 456 (Alaska 1996). While the decisions on this point necessarily involve applications of particular statutes, the essential point in each case is that permanent total disability and permanent partial disability are, by nature, mutually exclusive.
Florida, like most other states, follows the rule that the legislature is presumed to know the judicial constructions of a law when enacting a new version of that law. Collins Investment Company v. Metropolitan Dade County 164 So.2d 806 (Fla.1964). Furthermore, the legislature is presumed to have adopted prior judicial constructions of a law unless a contrary intention is expressed in the new version. Deltona Corp. v. Kipnis, 194 So.2d 295 (Fla. 2d DCA 1966). If the Legislature intended to abrogate the rule in Henderson, Reed, Brownell, and Holloway, it could have done so by including express language to that effect in the 1994 revision of the statute. On the contrary, we find nothing in the 1994 version of the Workers' Compensation statute that suggests an intent to allow a totally and permanently disabled worker to receive additional compensation in the form of impairment benefits.
For these reasons, we hold that section 440.15(3) Florida Statutes (Supp.1994) does not authorize recovery of permanent impairment benefits and permanent total disability benefits simultaneously. The judge of compensation claims correctly denied the disputed claim for impairment benefits in this case.
Affirmed.
BOOTH and VAN NORTWICK, JJ., concur.
NOTES
[1] Further subdivision is possible, but these are the two major classifications in modern workers' compensation law. See 4 Arthur K. Larson & Lex K. Larson, The Law of Workers' Compensation. § 57.14(a) (1995).
[2] Florida is a leading state in the general movement to limit workers' compensation to economic losses. See 4 Arthur K. Larson & Lex K. Larson, The Law of Workers' Compensation. § 57.15 (1995).