712 So.2d 773 (1998)
Joseph SCHWARTZ and Sara Schwartz, Appellants,
v.
GEICO GENERAL INSURANCE COMPANY, NME Hospitals, Inc., d/b/a Delray Community Hospital, Pinecrest Rehabilitation Hospital, Appellees.
No. 97-0925.
District Court of Appeal of Florida, Fourth District.
May 20, 1998.
Rehearing and Rehearing Denied June 29, 1998.
*774 Michael S. Bendell of Michael Bendell, P.A., Boca Raton, for appellants.
H. Lawrence Hardy of Bacen & Kaplan, P.A., Fort Lauderdale, for Appellee NME Hospitals, Inc. d/b/a Delray Community Hospital.
George P. Supran of Gamot, Freeman & Supran, West Palm Beach, for Appellee Geico General Insurance Company.
Alan M. Fischer and Wendy Ennis-Volcy of Alan M. Fisher, P.A., Miami, for Amici Curiae Boca Raton Community Hospital, Inc., Good Samaritan Hospital, Inc., and St. Mary's Hospital, Inc.
Rehearing and Rehearing En Banc Denied June 29, 1998.
KLEIN, Judge.
Appellant Joseph Schwartz was injured in an accident and incurred a $262,000 hospital bill at the appellee Delray Community Hospital. Appellant made a recovery for the injuries on his UM policy, and the trial court concluded that the hospital was entitled to a lien on the UM proceeds pursuant to a special act of the legislature giving liens to public hospitals in Palm Beach County. We agree with appellants that this hospital is not a public hospital and reverse.
Chapter 57-1688, the hospital lien law, provides in part:
Every individual, partnership, firm, association, corporation, institution and governmental unit, and every combination of any of the foregoing, operating a public hospital in Palm Beach County, Florida, shall be entitled to a lien for all reasonable charges for hospital care, treatment and maintenance of ill or injured persons upon any and all causes of action, suits, claims, counterclaims and demands accruing to the persons to whom such care, treatment or maintenance are furnished, or accruing to the legal representatives of such persons, and upon all judgments, settlements and settlement agreements rendered or entered into by virtue thereof, on account of illness or injuries giving rise to such causes of action, suits, claims, counterclaims, demands, judgment, settlement or settlement agreement and which necessitate or shall have necessitated such hospital care, treatment and maintenance. (emphasis added).
Delray Community Hospital is owned by NME Hospitals, Inc., a Delaware corporation for profit. Despite the fact that the hospital is privately owned, the trial court concluded that it was a public hospital, reasoning as follows:
1. "NME Hospitals, Inc., d/b/a DELRAY COMMUNITY HOSPITAL (hereinafter referred to as "hospital)," is a hospital in Palm Beach County, Florida, which has a contact with the Palm Beach County Healthcare District, is licensed as a hospital by the State of Florida, is certified by the federal and state governments for rendering hospital care to Medicare and Medicaid patients, and is regulated by each of those entities as well as by county and municipal governments.
2. The hospital renders general acute care services to any and all members of the general public, its patients are not *775 limited to any class or type of patients, and the rules and regulations of the hospital, together with the laws and regulations of the governments and agencies regulating the hospital, require that hospital accept any and all trauma patients presenting to its emergency room regardless of category, classification or ability to pay.
3. Hospital is a "public hospital" for purposes of Chapter 57-1688, Laws of Florida 1957, commonly known as the "Palm Beach County Hospital Lien Law" as that term is defined in the case of In Re: Guardianship of Hernandez, 45 Fla. Sup 2nd 147 (Case Number: 90-392-CG M, 15th Judicial Circuit, Palm Beach County, Florida, December 6, 1990).
The decision relied on by the trial court, Hernandez, is inconsistent with a later decision of the appellate division of the circuit court for Palm Beach County. Kondos v. Underwriters Guarantee Ins. Co., 3 Fla. L. Weekly Supp. 21 (Fla. 15th Cir.Ct., Jan. 24, 1995). More significantly, the trial court's conclusion is contrary to West Coast Hospital Ass'n v. Hoare, 64 So.2d 293, 296-97 (Fla. 1953), in which the Florida Supreme Court explained:
The difference between a public and private hospital is now clearly established. In 41 C.J.S. Hospitals s 1, p. 332, it is stated: "Private hospital. A private hospital is one founded and maintained by private persons or a corporation, the state or municipality having no voice in the management or control of its property or the formation of rules for its government.
"Public hospital. A hospital created and endowed by the government for general charity is a public corporation; and a public hospital may be defined in general as an institution owned by the public and devoted chiefly to public uses and purposes."
See also Monyek v. Parkway Gen. Hosp., Inc., 273 So.2d 430 (Fla. 3d DCA 1973).
In Hoare the hospital, like the hospital in the present case, was not owned by the government or the public. Also, like the hospital in the present case, the hospital in Hoare had a relationship with local governments, having received contributions from the city, for both operating and expanding, and payment by the county for treating indigent patients. Our supreme court held, however, that such contributions or payments "to a private non-profit corporation for the purpose of enabling it to own, operate and improve a hospital, do not make such hospital a public institution." Id. at 296.
The law before us, which gives public hospitals in Palm Beach County a lien, was passed by the legislature in 1957, four years after the supreme court explained the distinction between public and private hospitals in Hoare. The chronology makes the argument for the use of the Hoare definitions even more compelling, because the legislature is "presumed to know the existing law when it enacts a statute." Williams v. Jones, 326 So.2d 425, 437 (Fla.1976). The judgment establishing a lien is reversed.
FARMER and STEVENSON, JJ., concur.