ROBERT JERRY MATTHEWS, Employee, Plaintiff v. PETROLEUM TANK SERVICE, INC., Employer; HARTFORD ACCIDENT & INDEMNITY COMPANY, Carrier, Defendants

No. 9110IC1106

(Filed 15 December 1992)

1. **Master and Servant § 65.2 (NCI3d) — back injury — temporary total disability — supported by evidence**

The evidence supported the Industrial Commission's finding that plaintiff was temporarily totally disabled where plaintiff injured and re-injured his back while working for defendant

and there was evidence that plaintiff suffers from chronic pain syndrome as a result of his injury; chronic pain syndrome is not curable; plaintiff will have to live with pain the rest of his life; the pain is 50% physical and 50% psychological; the pain is real despite the fact that it has a partly psychological origin; several doctors agreed that plaintiff suffered pain, although they disagreed on the cause; one doctor gave his opinion that plaintiff could never return to the heavy work he had performed and another felt that plaintiff could perform medium to light work; none of the experts described any method whereby the intensity of a person's pain can be measured other than by the subjective opinion of the patient himself; plaintiff described his pain to a doctor during examination as constant and unrelenting and as being aggravated by all activity, particularly activity involving movement, stooping, bending, and lifting; plaintiff assessed his pain at five on a scale of one to five, with five being unbearable; and plaintiff testified before the Commission that he had not returned to work because his pain was so severe that he had not been able to do so. The Commission, in its proper role as sole judge of the credibility of witnesses, found plaintiff's testimony that he was unable to work due to pain more credible than the expert testimony that he was capable of performing medium to light work.

**Am Jur 2d, Damages §§ 969, 982.**

**Admissibility, in civil case, of expert evidence as to existence or nonexistence, or severity of pain. 11 ALR3d 1249.**

**Sufficiency of evidence, in personal injury action, to prove permanence of injuries and to warrant instructions to jury thereon. 18 ALR3d 170.**

2. **Master and Servant § 65.2 (NCI3d) — back injury — future medical and surgical treatment — supported by evidence**

The evidence supports the Industrial Commission's finding that plaintiff is entitled to future medical care where plaintiff injured and re-injured his back while working for defendant; the Commission correctly found that plaintiff was temporarily totally disabled; and, despite evidence to the contrary, there was evidence that a doctor recommended further medical treatment and that such treatment might effect a cure or give relief.

MATTHEWS v. PETROLEUM TANK SERVICE, INC.

[108 N.C. App. 259 (1992)]

**Am Jur 2d, Damages §§ 166, 200, 213.**

**Requisite proof to permit recovery for future medical expenses as item of damages in personal injury action. 69 ALR2d 1261.**

3. **Master and Servant § 99 (NCI3d)— back injury—workers' compensation—attorney fees**

The portion of a motion in the Court of Appeals for attorney fees in defending a workers' compensation appeal before the Industrial Commission was remanded to the Commission where the record reflects that the Commission ordered each side to pay its own costs, but it is not clear whether "costs" referred to attorney fees. The portion of the motion dealing with attorney fees for the appeal to the Court of Appeals was granted because the insurer brought the appeal and the decision required the insurer to pay temporary disability benefits and future medical expenses. N.C.G.S. § 97-88; N.C.G.S. § 97-88.1.

**Am Jur 2d, Worker's Compensation §§ 723, 725.**

Appeal by defendants from the Opinion and Award for the North Carolina Industrial Commission entered 1 August 1991. Heard in the Court of Appeals 21 October 1992.

*Charles M. Welling for plaintiff-appellee.*

*Hedrick, Eatman, Gardner & Kincheloe, by Edward L. Eatman, Jr. and Jeffrey D. Penley, for defendant-appellants.*

GREENE, Judge.

Employer Petroleum Tank Service, Inc. (Petroleum) and insurance carrier Hartford Accident & Indemnity Company (Hartford) appeal from the North Carolina Industrial Commission's award of temporary total disability compensation and future medical expenses to employee Robert Jerry Matthews (Matthews).

Petroleum is engaged in the business of cleaning and servicing large petroleum tanks. Hartford is Petroleum's workers' compensation insurance carrier. Matthews was employed by Petroleum as a sandblaster and covered by its workers' compensation policy. On 28 April 1988, Matthews was driving one of Petroleum's trucks to a work site in Meridian, Mississippi when the truck was rear-

ended by another vehicle. Matthews sustained injury to his lower back and was hospitalized for six days. When Matthews returned home to Charlotte he was treated at a local clinic and by a chiropractor. When his back pain failed to improve, he contacted Dr. Nandal C. Shah (Dr. Shah), who specialized in rehabilitative medicine. Dr. Shah diagnosed Matthews as suffering from chronic lower back pain as a result of the impact of the collision, and treated him with ultrasound therapy, massage, and physical therapy. Matthews made some improvement and was released by Dr. Shah on 14 October 1988.

Matthews returned to his regular job with Petroleum, but the pain recurred in late January, 1989, this time in both his back and legs. Dr. Shah again treated Matthews for several weeks, but he made little improvement. Dr. Shah referred Matthews to Dr. Frederick E. Finger (Dr. Finger), a neurosurgeon, in February, 1989, and tests conducted by Dr. Finger revealed a slight disc herniation and other spinal problems. Dr. Finger did not feel these problems were serious enough to warrant back surgery. Before releasing Matthews, Dr. Finger suggested that he seek a second opinion if he desired. Dr. Finger later saw Matthews on a referral basis from Dr. Shah and conducted more tests. These tests convinced Dr. Finger that Matthews was suffering from too much pain to be explained by the physical condition of his back.

On 2 February 1989, Dr. Shah had a conference with Susan Fender, a rehabilitation coordinator working with Hartford. Dr. Shah recommended that Matthews undergo further rehabilitative treatment. Without authorizing such treatment, Fender requested that Dr. Shah conduct a final disability evaluation of Matthews for Hartford. On 28 June 1989, Dr. Shah gave Matthews a partial permanent disability rating of 20% of the back. Matthews returned to his work at Petroleum, but still suffered pain.

Petroleum and Hartford were unable to reach agreement with Matthews as to compensation because Hartford denied any coverage for future medical expenses relating to the injury. Matthews was granted a hearing before the Deputy Commissioner of the North Carolina Industrial Commission (Commission) on 2 November 1989. After hearing evidence, the hearing was adjourned with instructions that medical experts for both sides be deposed.

One week later, on 9 November 1989, Matthews was sandblasting the interior of a large storage tank in Charleston, South

MATTHEWS v. PETROLEUM TANK SERVICE, INC.

[108 N.C. App. 259 (1992)]

Carolina, for Petroleum. Sandblasting requires that the worker stand for long periods while maintaining control of a three-inch hose which pumps out sand at 120 pounds of pressure. After several hours of sandblasting, Matthews collapsed in great pain and was carried from the work site. The next day Matthews saw Dr. Shah, who found that Matthews' condition had deteriorated. He was in great pain and was experiencing back spasms. X-rays showed further degenerative changes in Matthews' back. Dr. Shah prescribed pain medication, resumed physical therapy, and ordered more tests. The test results, on 27 November 1989, suggested to Dr. Shah that Matthews had degenerative disc disease, and Dr. Shah recommended that Matthews again consult a neurosurgeon. Hartford refused to authorize more treatment. Dr. Shah did not discharge Matthews from his care, but felt there was nothing more he could do for him without further neurosurgical consultation. Matthews has not worked since the 9 November 1989 injury.

Matthews requested a second hearing as a result of the aggravation of his condition, and the earlier case and the aggravating injury were consolidated for hearing before the Deputy Commissioner on 27 April 1990. The Deputy Commissioner received evidence from Dr. Shah and from Hartford's expert, Dr. John H. Caughran (Dr. Caughran), who was employed to examine Matthews. Dr. Caughran diagnosed Matthews as suffering from chronic pain syndrome, an incurable condition which results from a combination of physical injury and psychological maladjustment to the injury. The result is failure to improve despite prolonged treatment. In Dr. Caughran's opinion, Matthews' pain is 50% physical and 50% psychological. Although Dr. Caughran did not feel that Matthews could ever return to the heavy work which he formerly performed for Petroleum, he did feel that Matthews retained the capacity to perform medium to light work. Dr. Caughran felt that Matthews was not in need of further medical treatment, nor a candidate for back surgery. When asked why he had not worked since the 9 November 1989 reinjury to his back, Matthews replied that his pain was so severe that he was unable to work.

The Deputy Commissioner found that Matthews was not in need of any further medical treatment and that his disability was limited to a 20% permanent partial disability of the back. Matthews filed notice of appeal to the Commission on 15 March 1991. Petroleum and Hartford also appealed. The Commission found that Matthews was temporarily totally disabled due to the back injuries suffered

during his employment by Petroleum, and that Matthews was entitled to further medical treatment related to his injury until he is able to return to work. Petroleum and Hartford appealed to this Court, and Matthews subsequently made a motion in this Court for an award of attorney's fees incurred in defending the appeal by Petroleum and Hartford before the Commission, and the appeal by Hartford in this Court.

Petroleum and Hartford contend that the Commission's finding of temporary total disability is error because no competent evidence in the record suggests that Matthews is unable to work at some job and earn wages. They further contend that the Commission's finding that Matthews is entitled to future medical coverage is error because it is not supported by competent evidence in the record showing that Matthews is in need of any further medical care.

---

The issues presented are whether (I) there is competent evidence to support the Commission's finding that Matthews is temporarily totally disabled; (II) there is competent evidence to support the Commission's finding that Matthews is entitled to future medical treatment; and (III) Matthews is entitled to costs, including reasonable attorney's fees, incurred on appeal.

I

[1] The Commission is vested with the exclusive authority to find facts necessary to determine workers' compensation awards, and such findings must be upheld on appeal if there is any competent evidence to support them. *Errante v. Cumberland County Solid Waste Management*, 106 N.C. App. 114, 118, 415 S.E.2d 583, 585 (1992). This is so even if there is evidence which would support contrary findings. *Richards v. Town of Valdese*, 92 N.C. App. 222, 225, 374 S.E.2d 116, 118 (1988), *disc. rev. denied*, 324 N.C. 337, 378 S.E.2d 799 (1989). The Commission is the sole judge of the credibility of witnesses and the weight to be given their testimony, and its determination of these issues is conclusive on appeal. *Watkins v. City of Asheville*, 99 N.C. App. 302, 303, 392 S.E.2d 754, 756, *disc. rev. denied*, 327 N.C. 488, 397 S.E.2d 238 (1990).

Disability is the "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." N.C.G.S. § 97-2(9) (1991). When the employee suffers the total lack of capacity to earn wages in

any job, his disability is total. *Carothers v. Ti-Caro*, 83 N.C. App. 301, 304, 350 S.E.2d 95, 97 (1986). Although the pain caused by an injury is not compensable under the Workers' Compensation Act, the degree of pain experienced must be considered by the Commission in determining the extent of the employee's incapacity to work and earn wages. *Niple v. Seawell Realty & Ins. Co.*, 88 N.C. App. 136, 139, 362 S.E.2d 572, 574 (1987), *disc. rev. denied*, 321 N.C. 744, 365 S.E.2d 903 (1988); 1C Arthur Larson, *The Law of Workmen's Compensation* § 57.11 (1992).

The evidence in this case supports the Commission's finding that Matthews is temporarily totally disabled because he is unable to earn wages in any job. In Dr. Caughran's deposition he gave his opinion that Matthews suffers from chronic pain syndrome as a result of his injury at work, which is not curable, and that Matthews will have to live with pain the rest of his life. He opined that the pain is 50% physical and 50% psychological, and despite the fact that Matthews' pain has a partly psychological origin, his pain is real. Drs. Caughran, Shah, and Finger, although disagreeing on the cause of Matthews' pain, all agreed that he indeed suffered pain. Dr. Caughran also gave his opinion that, because of the back injury and resulting pain, Matthews could never return to the heavy work he performed for Petroleum. Dr. Caughran felt, however, that despite his pain Matthews could perform some job which entailed only medium to light work.

None of the medical experts offering opinions in this case described any method whereby the intensity of a person's pain can be measured other than by the subjective opinion of the patient himself. When asked by Dr. Caughran to describe his pain during his examination, Matthews replied that it was constant and unrelenting, and that it was aggravated by all activity, particularly that involving movement, stooping, bending, and lifting. "When asked to self assess the severity of his pain on a scale of one to five with five being unbearable, [Matthews] reports his pain at five." When questioned during his testimony before the Commission about why he has not returned to work, Matthews stated that his pain was so severe "I haven't been able to." Matthews' testimony is competent evidence as to his ability to work, and the Commission chose to believe him. *Niple*, 88 N.C. App. at 139, 362 S.E.2d at 574 (employee's own testimony as to pain upon physical exertion competent evidence as to ability to work). Thus, the Commission, in its proper role as sole judge of the credibility of witnesses,

found Matthews' testimony that he was unable to work due to pain more credible than the expert testimony that Matthews was capable of performing medium to light work. Therefore, despite contrary evidence in the record, the medical experts' testimony that Matthews does suffer real pain and Matthews' testimony that the pain is so severe that he is unable to work and earn wages supports the Commission's finding that Matthews is temporarily totally disabled.

## II

[2]   An employer of a disabled worker is required to provide future medical and surgical treatment deemed necessary by the Commission if such treatment will lessen the period of disability or is reasonably calculated to effect a cure or give relief. *Little v. Penn Ventilator Co.*, 317 N.C. 206, 210, 345 S.E.2d 204, 207 (1986). The Commission's finding that Matthews is entitled to future medical treatment is supported by competent evidence. Dr. Shah testified that he felt that Matthews should "get another surgical evaluation . . . . If the . . . complete neurosurgical evaluation suggests there is no indication for any surgical treatment, then I would be more than happy to treat [Matthews] conservatively and over a period of time, he may get better than what he is." Therefore, despite contrary evidence in the record, the evidence that Dr. Shah recommends further medical treatment for Matthews and that such treatment might effect a cure or give relief supports the Commission's finding that Matthews is entitled to future medical care.

## III

[3]   Matthews moved in this Court for an award of attorney's fees incurred in defending Petroleum and Hartford's appeal to the Commission and Hartford's appeal to this Court.

### Appeal to the Industrial Commission

The Commission may assess the costs of appeal, including reasonable attorney's fees, against the worker's compensation insurer pursuant to N.C.G.S. § 97-88 when both the employee and the insurer or only the insurer appeal to the Commission. *Harwell v. Groves Thread*, 78 N.C. App. 437, 439, 337 S.E.2d 112, 113 (1985). Costs of the entire hearing, including reasonable attorney's fees, can be awarded by the Commission pursuant to N.C.G.S. § 97-88.1 if the Commission determines that the hearing before it was "brought, prosecuted, or defended without reasonable ground" by any party

MATTHEWS v. PETROLEUM TANK SERVICE, INC.

[108 N.C. App. 259 (1992)]

to the dispute. N.C.G.S. § 97-88.1 (1991). An award under either statute is within the sound discretion of the Commission. *Taylor v. J.P. Stevens Co.*, 307 N.C. 392, 397-98, 298 S.E.2d 681, 684-85 (1983). The record in this case reveals that all the parties appealed to the Commission and that no motion was made seeking an award of attorney's fees under either of these statutes. The record does reflect in the Opinion and Award that the Commission ordered that "[e]ach side shall pay its own costs." It is unclear from the language of the Opinion and Award whether the "costs" referred to include attorney's fees and thus whether the Commission has exercised its discretion in denying an award of attorney's fees. We therefore remand to the Commission for their consideration of that portion of Matthews' motion filed in this Court seeking attorney's fees incurred in defending Petroleum and Hartford's appeal before the Commission.

## Appeal to the Court of Appeals

Pursuant to N.C.G.S. § 97-88, this Court may order that the costs to the injured employee of appeals to this Court, including reasonable attorney's fees, be paid by the insurer if: (1) the insurer brings the appeal; and (2) this Court orders the insurer to make or continue to make payments of benefits or medical expenses. N.C.G.S. § 97-88 (1991). The appeal to this Court was brought by Hartford and we have by this decision required Hartford to pay temporary total disability benefits and future medical expenses. Therefore, Matthews' motion that Hartford pay Matthews' costs in this appeal, including reasonable attorney's fees, is granted, and this case is remanded to the Commission with instructions that the Commission decide the exact amount to be awarded.

Accordingly, the Commission's award is affirmed, and this action is remanded for award of costs and attorney's fees incurred by Matthews in defending Hartford's appeal to this Court. We also remand for a determination by the Commission as to whether Matthews should be awarded attorney's fees he incurred in defending Petroleum and Hartford's appeal to the Commission pursuant to N.C.G.S. § 97-88 or N.C.G.S. § 97-88.1.

Affirmed and remanded.

Judges WYNN and WALKER concur.