STATE ex rel. MOORE CTY. BD. OF EDUC. v. PELLETIER

[168 N.C. App. 218 (2005)]

STATE OF NORTH CAROLINA, BY AND THROUGH THE MOORE COUNTY BOARD
OF EDUCATION v. DON PELLETIER, AND LEXINGTON NATIONAL INSURANCE
CORPORATION, D/B/A, LEXINGTON NATIONAL BAIL SERVICES, MANAGING AGENT
FOR AMERICAN CASUALTY INSURANCE COMPANY, AND ITS AGENT BRASWELL
SURETY SERVICES, INC.

No. COA04-215

(Filed 18 January 2005)

## 1. Trials— motion for new trial—timeliness of motion—bond forfeiture proceeding

The trial court did not lack jurisdiction to entertain the Board of Education's N.C.G.S. § 1A-1, Rule 59(a) motion for a new trial or relief from order granting relief from a bond forfeiture even though the surety contends the Board failed to file and serve its motion within the time period prescribed, because: (1) Rule 59 provides that a motion for a new trial shall be served not later than 10 days after entry of the judgment; and (2) the judgment in the instant case was entered on 3 March 2003, and even though the Board's motion was filed on 14 March 2003, the certificate of service indicated that the Board served the motion for a new trial on 13 March 2003.

## 2. Bail and Pretrial Release— bond forfeiture—civil action

The trial court erred as a matter of law by concluding that the Board of Education's motion for a new trial or relief from order granting relief from a bond forfeiture under N.C.G.S. § 1A-1, Rules 59(a) and 60(b) must be denied without consideration of its merits on the ground that the Board improperly attempted to proceed under the North Carolina Rules of Civil Procedure, because: (1) N.C.G.S. §. 15-544.7(a)9 provides that the clerk of superior court shall docket a final judgment of forfeiture as a civil judgment against defendant and against each surety named in the judgment; (2) the Court of Appeals has previously utilized our Rules of Civil Procedure in reviewing a trial court's denial of remission of a bond forfeiture; (3) N.C.G.S. § 15A-544.8 provides that an appeal from an order on a motion for relief from a final judgment of forfeiture is the same as provided for appeals in civil actions; and (4) due to the nature and function of a bond, while a bond forfeiture proceeding is ancillary to the underlying criminal proceeding, it is a civil matter.

STATE ex rel. MOORE CTY. BD. OF EDUC. v. PELLETIER

[168 N.C. App. 218 (2005)]

**3. Appeal and Error— appellate rules—citing unpublished opinions**

The surety's citation to unpublished authority in a bond forfeiture case is expressly disfavored by our appellate rules, and citation to unpublished opinions should be done solely in those instances where the persuasive value of a case is manifestly superior to any published opinion.

Appeal by the Moore County Board of Education from order entered 19 March 2003 by Judge Michael E. Helms in Moore County Superior Court. Heard in the Court of Appeals 20 October 2004.

*Schwartz & Shaw, P.L.L.C., by Richard A. Schwartz and Craig W. Noyes, for the State.*

*Charles M. Lineberry, Jr., for Lexington National Insurance Corporation.*

CALABRIA, Judge.

The Moore County Board of Education (the "Board") appeals the trial court's denial of its motion to grant a new trial or relief from order entered 3 March 2003 granting Lexington National Insurance Corporation's (the "surety") motion for relief from final judgment of bond forfeiture. We reverse.

In September 2000, the surety posted bond for Don Pelletier (the "defendant") in the amount of $150,000.00 for charges pending in Moore County. The defendant failed to appear as required before the court, and the bond was ordered forfeited on 28 February 2001 with a final judgment date of 3 August 2001. After final judgment of bond forfeiture was entered and the bond was paid by the surety, the surety contacted law enforcement in Nevada on or about 12 November 2001 and directed them to defendant's location. Defendant was arrested, and the surety helped coordinate defendant's return to Moore County.

On 29 January 2003, the surety moved for relief from final judgment of forfeiture. The matter was set for hearing on 3 March 2003 in Moore County Superior Court. Judge Michael E. Helms called the bond forfeiture calendar at 10:30 a.m. after the criminal calendar had been called. The courtroom clerk informed Judge Helms that it was customary in Moore County to allow the Board's attorney to arrive at 11:00 a.m. for the forfeiture cases since the criminal calendar call usually lasted until 11:00 a.m. Notwithstanding this custom, Judge

STATE ex rel. MOORE CTY. BD. OF EDUC. v. PELLETIER

[168 N.C. App. 218 (2005)]

Helms elected to proceed with the surety's motion in the absence of the Board's attorney and granted relief from the bond forfeiture at the close of the hearing. The Board's attorney arrived at approximately 10:40 a.m. and asked to approach the bench approximately twenty minutes after learning the bond forfeiture cases had been decided and was advised by the trial court that she had "won one and . . . lost one." A bench conference ensued, which concluded when Judge Helms informed the Board's attorney, "I don't intend to debate it with you. You may step back." Judgment granting relief from forfeiture was entered 3 March 2003.

On 14 March 2003, the Board moved for a new trial or relief from order pursuant to N.C. Gen. Stat. § 1A-1, Rules 59(a) and 60(b) (2003). The Board's motion noted, in pertinent part, the following: (1) "[t]he bond forfeiture calendar is always called by the school board attorney[,]" (2) "the custom and procedure of the court [was] to hear bond forfeiture matters at 11:00 o'clock," (3) the judges and district attorney requested that the Board's attorney not arrive at 10:00 a.m., (4) the procedure was that "the Superior Court calendar and preliminary matters [were] handled prior to the bond forfeiture matters[,]" and (5) the Board's attorney "arrived at court the same time that she has been arriving for over three years, by agreement with the court and its officers." Nonetheless, in denying the Board's motion, Judge Helms found "that the orderly and expeditious disposition of cases in the Superior Court . . . is adversely affected when the Court allows the attorneys to set their own schedules as to when they will be in Court without prior communication with or permission of the Court."[1] In addition, the trial court found "that the school board is attempting to obtain relief from the Court's order pursuant to Rules 59(a) and 60(b) of the N.C. Rules of Civil Procedure." The trial court found the proceeding was "obviously . . . a criminal matter and [was] controlled by the N.C. Rules of Criminal Procedure" based on N.C. Gen. Stat. § 15A-544.8(a), which provides that "[t]here is no relief from a final judgment of forfeiture except as provided in this section." The trial court therefore found that the Board "brought its motion relying on a statute that does not allow the Court to consider their prayer for relief" and concluded that "the Court must deny the motion without a hearing" because "the school board . . . attempted to proceed under the rules of Civil Procedure instead of the rules of Criminal Procedure," which it further concluded was "the exclusive

---

1. As noted above, the only evidence contained in the record regarding this issue indicates the Board's attorney was not setting her own schedule but was abiding by the schedule requested by the Moore County judges and district attorney.

remedy for this situation." The Board appeals, asserting the trial court erred as a matter of law by refusing to consider the merits of its motion on the ground that the Board had improperly utilized the North Carolina Rules of Civil Procedure.

[1] As a preliminary matter, the surety argues the trial court lacked jurisdiction to entertain the Board's Rule 59(a) motion because it "failed to file and serve its motion with the time period prescribed . . . ." "A motion for a new trial shall be served not later than 10 days after entry of the judgment." N.C. Gen. Stat. § 1A-1, Rule 59(b) (2003). Thus, the relevant action the movant must make within 10 days of entry of judgment under Rule 59(a) is service, not filing. *Accord Muse v. Charter Hospital of Winston-Salem,* 117 N.C. App. 468, 480, 452 S.E.2d 589, 598 (1995). In the instant case, judgment was entered on 3 March 2003. While the Board's motion was filed on 14 March 2003, the certificate of service clearly indicates the Board served the motion for a new trial on 13 March 2003. Accordingly, the Board's motion was timely. We additionally note, with disapproval, that the surety has asserted in its brief that the Board's "motion for new trial was not dated until 14 March 2003, more than ten (10) days after entry of the judgment, and had attached a certificate of service thereto reflecting mailing to counsel for [the surety] *on the same date,* and was filed with the clerk of court *on the same day.*" It is incumbent on all parties to an appeal to carefully and accurately set forth in their briefs and arguments that which appears in the settled record on appeal.

[2] Turning to the nature of a bond forfeiture proceeding, the trial court accurately noted N.C. Gen. Stat. § 15A-544.8(a) (2003) provides "[t]here is no relief from a final judgment of forfeiture except as provided in this section." However, this does not necessarily mean, as the trial court concluded, that a bond forfeiture proceeding is governed by the North Carolina Rules of Criminal Procedure. First, N.C. Gen. Stat. § 15A-544.7(a) (2003), entitled "Docketing and enforcement of final judgment of forfeiture[,]" provides that the clerk of superior court "shall docket [a final judgment of forfeiture] as a civil judgment against the defendant and against each surety named in the judgment." Second, this Court has previously utilized our Rules of Civil Procedure in reviewing a trial court's denial of remission of a bond forfeiture. *See, e.g., State v. Coronel,* 145 N.C. App. 237, 550 S.E.2d 561 (2001) (applying Rules 52(a) and 58 of the North Carolina Rules of Civil Procedure). Third, N.C. Gen. Stat. § 15A-544.8 provides that an appeal from an order on a motion for relief from a final judgment

of forfeiture "is the same as provided for appeals in civil actions." It would be anomalous to categorize the underlying action as a criminal action yet treat its appeal as an appeal of a civil action. Finally, due to the nature and function of a bond, it stands to reason that a bond forfeiture proceeding, while ancillary to the underlying criminal proceeding, is a civil matter. *See State v. Mathis*, 349 N.C. 503, 509 S.E.2d 155 (1998) (describing the relationship between a surety and the person who has been arrested as contractual in nature).

For these reasons, we hold the Board properly proceeded by moving for a new trial or relief from order granting relief from forfeiture under Rules 59(a) and 60(b), and the trial court erred as matter of law in concluding that the Board's motion must be denied without consideration of its merits on the grounds that the Board improperly attempted to proceed under the North Carolina Rules of Civil Procedure. We reverse and remand for further proceedings not inconsistent with this opinion.

**[3]** As a final matter, we deem it appropriate to address the surety's citation of an unpublished opinion in its brief to this Court. The surety cites *State v. Nixon*, 150 N.C. App. 440, 563 S.E.2d 640 (COA01-1238) (2002) for the propositions that (1) relief from final judgment of forfeiture may be granted within the discretion of the trial court upon (2) finding diligent efforts by the surety. Citation to unpublished authority is expressly disfavored by our appellate rules but permitted if a party, in pertinent part, "believes . . . there is no published opinion that would serve as well" as the unpublished opinion. N.C. R. App. 30(e)(3) (2004). Neither of the principles propounded by the surety justify citation to the *Nixon* opinion in this matter, and we reiterate that citation to unpublished opinions is intended solely in those instances where the persuasive value of a case is manifestly superior to any published opinion.

Reversed and remanded.

Judges STEELMAN and GEER concur.