PATRICIA CHURCH, Employee, Plaintiff-Appellee
v.
BEMIS MANUFACTURING COMPANY, Employer,
PHOENIX INSURANCE COMPANY, Carrier, Defendants-Appellants

No. COA12-1433

Filed 18 June 2013

1. **Workers' Compensation—suitable employment—post injury return to work—machine operator**

    The Industrial Commission did not err in a workers' compensation case by failing to recognize plaintiff's post injury return to work as a machine operator as suitable employment. Plaintiff could not perform all the tasks that the position required.

2. **Workers' Compensation—total disability—no evidence to apportion disability**

CHURCH v. BEMIS MFG. CO.

[228 N.C. App. 23 (2013)]

The Industrial Commission did not err in a workers' compensation case by finding plaintiff totally disabled as a result of her compensable left shoulder injury. Defendants failed to challenge the Commission's determination that there was no evidence of record upon which to apportion plaintiff's disability.

Appeal by Defendants from opinion and award entered by the North Carolina Industrial Commission on 27 July 2012. Heard in the Court of Appeals 21 May 2013.

*Cox and Gage PLLC, by Robert H. Gage, for Plaintiff-Appellee.*

*Mullen Holland & Cooper, P.A., by J. Reid McGraw and Gerald L. Liska, for Defendants-Appellants.*

McGEE, Judge.

Bemis Manufacturing Company and Phoenix Insurance Company (Defendants) admitted that Patricia Church (Plaintiff) sustained a compensable injury to her left shoulder. Plaintiff returned to work "under medical restrictions through August 9, 2009." On 18 August 2009, Plaintiff "had surgery to repair a cerebral aneurysm, followed by complications and has not returned to work."

The Commission awarded Plaintiff attorney's fees, medical expenses, and temporary total disability compensation "for the periods of work missed between the date of her injury by accident and her last day of work on August 9, 2009 and continuing until further Order of the Industrial Commission." The Commission ordered that "Defendants shall deduct from the temporary [total] disability compensation . . . the amount of short-term disability compensation paid to Plaintiff." Defendants appeal.

[1] Defendants first argue the Commission erred in "failing to recognize Plaintiff's post injury return to work as a machine operator as suitable employment." We disagree.

Although Defendants contend that the determination of what is suitable employment is a conclusion of law, Defendants provide no support for this assertion. The question of what constitutes suitable employment is a question of fact. *Keeton v. Circle K*, ___ N.C. App. ___, ___, 719 S.E.2d 244, 247-48 (2011); *Lowery v. Duke Univ.*, 167 N.C. App. 714, 719, 609 S.E.2d 780, 784 (2005).

CHURCH v. BEMIS MFG. CO.

[228 N.C. App. 23 (2013)]

"[F]indings of fact by the Full Commission are conclusive on appeal when supported by competent evidence even where evidence exists that would support a contrary finding." *Keeton*, ___ N.C. App. at ___, 719 S.E.2d at 247. Defendants contend the Commission erred in relying "on certain portions of [] Plaintiff's testimony while ignoring others." However, the Commission is "the sole judge of the credibility of the witnesses and the weight to be given their testimony." *Lowery*, 167 N.C. App. at 717, 609 S.E.2d at 782. "Thus, the Commission may assign more weight and credibility to certain testimony than other." *Id.*

Competent evidence supports the finding that the position of machine operator was unsuitable employment for Plaintiff. Plaintiff could not perform all the tasks that the position required. Plaintiff testified that she "had trouble putting the heavier lids on the boxes. [Plaintiff] usually had to pull somebody to help [her]." Plaintiff found it difficult "to lift anything over ten pounds." As Plaintiff continued working as a machine operator from early 2008 to 2009, her arm hurt more. This finding of fact is conclusive on appeal. The Commission did not err in making this finding.

[2] Defendants next argue the Commission erred "by finding Plaintiff totally disabled as a result of her compensable left shoulder injury." We disagree.

"The Industrial Commission's conclusions of law are fully reviewable by the appellate courts." *Knight v. Wal-Mart Stores, Inc.*, 149 N.C. App. 1, 7, 562 S.E.2d 434, 439 (2002). "The term 'disability' means incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." N.C. Gen. Stat. § 97-2(9) (2011).

An employee may show this incapacity in four ways:

> (1) the production of medical evidence that he is physically or mentally, as a consequence of the work related injury, incapable of work in any employment; (2) the production of evidence that he is capable of some work, but that he has, after a reasonable effort on his part, been unsuccessful in his effort to obtain employment; (3) the production of evidence that he is capable of some work but that it would be futile because of preexisting conditions, i.e., age, inexperience, lack of education, to seek other employment; or (4) the production of evidence that he has obtained other employment at a wage less than that earned prior to the injury.

*Knight*, 149 N.C. App. at 7, 562 S.E.2d at 439.

The Commission concluded:

> Prior to her aneurysm surgery, Plaintiff has proven that although she was medically released to work, due to her limited education, her limited vocational history and limited vocational skills in combination with her physical limitations and restrictions due to her left shoulder injury and resulting disabling pain, it would have been futile to seek employment with another employer in the competitive market. Plaintiff was also medically debilitated due to pain from her compensable injury prior to her aneurysm surgery.

Defendants contend the "conclusion is wrong on its face, as [] Plaintiff was working prior to the aneurism." (emphasis removed). However, Defendants do not challenge findings that Plaintiff missed work due to her compensable injury between the date of the injury and the date of the aneurysm surgery. Unchallenged findings of fact are presumed to be supported by competent evidence and are binding on appeal. *Chaisson v. Simpson*, 195 N.C. App. 463, 470, 673 S.E.2d 149, 156 (2009).

Defendants challenge the portion of finding of fact 44 regarding migraine headaches as unsupported by evidence. Defendants argue there "is no evidence that the migraines prevented [] Plaintiff from working." However, a doctor's record from Plaintiff's 1 July 2009 visit shows Plaintiff was out of work "all this week, still had headaches." Even assuming this evidence does not show that headaches forced Plaintiff out of work, the unchallenged remainder of finding of fact 44 supports the Commission's conclusion that Plaintiff was disabled.

The complete finding of fact 44 follows:

> Prior to her aneurysm surgery, Plaintiff has proven that although she was medically released to return to work, due to her limited education, her limited vocational history and skills, in combination with her physical limitations and restrictions due to her left shoulder injury and resulting disabling pain, it would have been futile to seek employment with another employer in the competitive market. Plaintiff has a high school diploma and she testified that prior to working for Defendant-Employer, she worked as a machine, rack and twister operator for various production

plants. Plaintiff's job duties as a machine, rack and twister operator required constant walking, standing, carrying and reaching. When asked if she had performed any "office work," Plaintiff testified that she had performed some clerical job duties but that "was a long time ago" and it was before 1989. Based upon her testimony, Plaintiff was skilled only in the work she is physically unable to perform as a result of her compensable injury and resulting chronic left shoulder pain prior to her aneurism in August 2009. Therefore, due to pre-existing factors such as her limited education and her limited vocational history of work in unskilled manual labor jobs, her limited vocational skills, limited if any, transferable skills and poor health (including frequent migraine headaches), in combination with her pain, restrictions and limited functioning capacity due to her compensable injury, Plaintiff has proven it would have been futile for her to seek other employment prior to her aneurism. Plaintiff has also proven that she was medically debilitated due to severe pain and her resulting physical limitations from her compensable injury prior to the aneurysm surgery.

The Commission found that Plaintiff's limited education and vocational history, in combination with her compensable injury, made a search for other employment futile. The Commission's findings support the conclusion that Plaintiff was disabled under the third method in *Knight,* 149 N.C. App. at 7, 562 S.E.2d at 439. The Commission did not err in reaching this conclusion.

Within this argument, Defendants argue that finding of fact 45 is unsupported by evidence. Finding of fact 45 reads:

The Full Commission finds that Plaintiff's aneurysm surgery and resulting complications worsened her compensable left shoulder condition and caused additional left sided weakness and decreased functional ability in her left upper extremity. Plaintiff's disability after the date of her cerebral aneurysm was caused by the combination of the effects of her left shoulder injury and her neurologic impairment due to her aneurysm.

A doctor testified that Plaintiff continued to report shoulder pain after her stroke. Even assuming this evidence does not support the finding, this finding is not necessary to the conclusion Defendants challenge.

Defendants challenge conclusion of law 5, which reads:

> Plaintiff's disability after the date of her cerebral aneurysm was caused by the combination of the effects of her left shoulder injury and her neurologic impairment due to her aneurysm. In *Weaver v. Swedish Imports Maintenance, Inc.*, 319 N.C. 243, 354 S.E.2d 477 (1987), the court held that where a claimant is rendered totally unable to earn wages, partially as a result of a compensable injury and partially as a result of a non-work-related medical condition, the claimant is entitled to an award for total disability in the absence of evidence to apportion [] Plaintiff's disability as between the compensable and non-compensable events.

Defendants argue that the "record is devoid of any evidence, whether through medical records or medical testimony, supporting this Conclusion of Law." However, Defendants fail to challenge the Commission's determination that there "is no evidence of record upon which to apportion Plaintiff's disability." Apportionment "is not proper where there is no evidence attributing a percentage of the plaintiff's total incapacity to earn wages to his compensable injury[.]" *Johnson v. City of Winston-Salem*, 188 N.C. App. 383, 393, 656 S.E.2d 608, 615, *aff'd*, 362 N.C. 676, 669 S.E.2d 319 (2008) (per curiam). The Commission did not err in reaching this conclusion.

Affirmed.

Judges STEPHENS and HUNTER, JR. concur.