STROUD, Judge, concurring.
*183 I concur in the majority opinion except as to any citation of unpublished cases of this Court. In briefs filed in this Court, the Rule 30(e) of the Rules of Appellate Procedure allows citation of unpublished cases only in very limited circumstances.
(e) Unpublished Opinions .
(1) In order to minimize the cost of publication and of providing storage space for the published reports, the Court of Appeals is not required to publish an opinion in every decided case. If the panel that hears the case determines that the appeal involves no new legal principles and that an opinion, if published, would have no value as a precedent, it may direct that no opinion be published.
....
(3) An unpublished decision of the North Carolina Court of Appeals does not constitute controlling legal authority. Accordingly, citation of unpublished opinions in briefs, memoranda, and oral arguments in the trial and appellate divisions is disfavored, except for the purpose of establishing claim preclusion, issue preclusion, or the law of the case. If a party believes, nevertheless, that an unpublished opinion has precedential value to a material issue in the case and that there is no published opinion that would serve as well, the party may cite the unpublished opinion if that party serves a copy thereof on all other parties in the case and on the court to which the citation is offered. This service may be accomplished by including the copy of the unpublished opinion in an addendum to a brief or memorandum. A party who cites an unpublished opinion for the first time at a hearing or oral argument must attach a copy of the unpublished opinion relied upon pursuant to the requirements of Rule 28(g). When citing an unpublished *752 opinion, a party must indicate the opinion's unpublished status.
N.C. R. App. P. 30(e).
Our Court has discussed the limited circumstances in which citation to unpublished opinions is appropriate many times. For example, in *184 Long v. Harris , this Court stressed the importance of compliance with Rule 30(e) :
An unpublished opinion establishes no precedent and is not binding authority[.]
Compliance with the Rules is mandatory and violation thereof subjects a party to sanctions. See N.C. R. App. P. 25(b) (Court may "impose a sanction against a party or attorney or both when the court determines that such party or attorney or both substantially failed to comply with" the Rules). Notwithstanding, we have elected in our discretion pursuant to N.C. R. App. P. 2 to review defendant's contentions herein, but without consideration of the unpublished decision cited in his appellate brief. Nonetheless, we remind counsel of the explicit provisions of N.C. R. App. P. 30(e), prohibiting citation of unpublished opinions and use thereof as precedent.
Long v. Harris , 137 N.C. App. 461, 470-71, 528 S.E.2d 633, 639 (2000) (citations, quotation marks, and brackets omitted).
More recently, this Court noted:
Citation to unpublished authority is expressly disfavored by our appellate rules but permitted if a party, in pertinent part, believes there is no published opinion that would serve as well as the unpublished opinion. Neither of the principles propounded by the surety justify citation to the [unpublished opinion cited by a party in its brief] in this matter, and we reiterate that citation to unpublished opinions is intended solely in those instances where the persuasive value of a case is manifestly superior to any published opinion.
State ex rel. Moore Cnty. Bd. of Educ. v. Pelletier , 168 N.C. App. 218, 222, 606 S.E.2d 907, 909 (2005) (citation, quotation marks, and ellipses omitted).
Although the Rules of Appellate Procedure do not address this Court's own citation to unpublished opinions, I believe that there are very good reasons for the Court to follow the same rule which we require parties filing briefs in our Court to follow. In this particular case, neither party's brief citied to the unpublished case cited in the majority opinion, so we need not address it for that reason. I also believe that citation to an unpublished opinion is not necessary for the majority's opinion.
*185 Although I admit I have not done any formal analysis of the frequency of citation of unpublished opinions in opinions of this Court or in appellate briefs, it appears to me that these citations are increasing in frequency. This is not surprising, given the large numbers of unpublished opinions. But there are still many excellent reasons courts generally discourage reliance upon unpublished opinions, which have been specifically designated as being non-precedential. The panel which issues each opinion decides when it is written whether the opinion will have precedential value, and there are many different reasons judges decide not to publish opinions. See Donna S. Stroud, The Bottom of the Iceberg: Unpublished Opinions , 37 Campbell L. Rev. 333 (2015). We cannot know the reasons the judges on a particular case decided to issue an opinion as unpublished, but if we did, those reasons may demonstrate exactly why we should not rely upon it.
One of my more practical concerns regarding citation to unpublished opinions in this Court's opinions is that it will encourage litigants to do more of the same. Another more serious concern is that the law which is developed in the unpublished, non-precedential opinions has a tendency to bleed over into other cases and eventually to end up in precedential opinions, even though it may not be cited as such. This tendency has been studied in some limited areas of law, but I see no reason to believe that it cannot happen in any area of law. See e.g. , Brian Soucek, Copy-Paste Precedent , 13 J. App. Prac. & Process 153, 154 (2012). In his article, Soucek describes how portions of text from unpublished opinions regarding different interpretations of "social visibility" in asylum cases in the Second Circuit have been copied and pasted without acknowledgement in later published opinions, leading to error in the *753 court's analysis of this issue. Id . at 158-71 (discussing Romero v. Mukasey , 262 Fed.Appx. 328 (2d Cir. 2008) and noting subsequent decisions that cited Romero ). We should err on the side of caution in the development of our jurisprudence by not relying upon or citing unpublished opinions if it can possibly be avoided.